Rayminh L. Ngo, Esq.
EDNY #RN4834
**HIGBEE & ASSOCIATES** (*Of Counsel*)
1504 Brookhollow Dr., Ste. 112
Santa Ana, CA 92705
714-617-8336 (Ph)
rngo@higbeeassociates.com
*Attorney for Defendants Michael Grecco and*
*Michael Grecco Productions, Inc. d/b/a Michael Grecco Photography Inc.*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEE GOLDEN, III<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL GRECCO INC.; MICHAEL GRECCO; MICHAEL GRECCO PHOTOGRAPHY, INC; JOHN DOES 1-10; and BUSINESS ENTITIES A-J,<br><br>Defendants. | Case No. 1:19-cv-03156-NGG-RER<br><br>**ANSWER AND AMENDED COUNTERCLAIM** |

Defendants Michael Grecco and Michael Grecco Productions Inc. d/b/a Michael Grecco Photography Inc. (hereinafter collectively "Grecco"), respectfully submit this Answer and Counterclaim to the Complaint filed by Lee Golden, III ("Plaintiff") in this matter.

## PARTIES

1. Admit.

2. Defendants admit that Michael Grecco Productions Inc. d/b/a Michael Grecco Photography Inc. is the copyright holder to the photograph at issue in this matter.

1

3. Admit.

4. Admit.

5. Admit.

6. Defendants deny that the document referred to as the "threatened complaint" misidentifies the copyright holder of the photograph or is defective as alleged. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and therefore denies them.

7. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore denies them.

## NATURE OF THE ACTION

8. Defendants admit that Plaintiff seeks the relief alleged, but deny that Plaintiff is entitled to any such relief.

9. Deny.

10. Defendants admit that Plaintiff brings this action to clarify the rights of the parties but denies that Plaintiff's use of the photograph at issue is a fair use under the Copyright Act, 17 U.S.C. § 107, and further deny that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

11. The allegations contained in this paragraph contain legal conclusions to which not response is required.

12. The allegations contained in this paragraph contain legal conclusions to which not response is required.

13. The allegations contained in this paragraph contain legal conclusions to which not response is required.

14. The allegations contained in this paragraph contain legal conclusions to which not response is required.

# FACTS

15. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

16. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

17. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

18. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

19. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

20. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

21. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

22. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

23. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

24. Defendants admit that in February 2019 it sent correspondence through counsel to Plaintiff. Defendants deny Plaintiff's characterizations of the correspondence as stated, a copy of which is conspicuously absent from Plaintiff's complaint.

25. Defendants admit that Plaintiff's counsel corresponded with Defendants' counsel after receiving the original correspondence.

26. Defendants admit that Plaintiff's counsel provided a document purported to be a Google AdSense report for the period of February 1, 2017 to

February 13, 2019. Defendants also admit that Plaintiff's counsel offered to send Plaintiff's tax returns although no such documents were ever sent to Defendants or their counsel.

27. Defendants admit that it sent through counsel the correspondence attached as Exhibit B. Defendants state that the correspondence speaks for itself and Defendants deny Plaintiff's characterizations of the correspondence as stated.

28. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore denies them.

## FAIR USE DOCTRINE

29. Admit.
30. Admit.
31. Deny.
32. Deny.
33. Deny.
34. Deny.
35. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore denies them.
36. Deny.

## FIRST CAUSE OF ACTION
### Declaratory Judgment
### (28 U.S.C. §§ 2201, *et seq*.)

37. The allegations contained in this paragraph contain legal conclusions to which not response is required.
38. Admit.
39. Deny.
40. Deny.
41. Defendants admit that Plaintiff seeks the relief stated, but denies that Plaintiff is entitled to such relief.

# COUNTERCLAIM

Michael Grecco Productions, Inc. d/b/a Michael Grecco Photography Inc., ("Counterclaim Plaintiff") for is Counterclaim against Lee Golden III ("Counterclaim Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Counterclaim Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant conducts business and/or resides within this judicial district, Counterclaim Defendant's acts of infringement complained of herein occurred in this judicial district, and Counterclaim Defendant caused injury to Counterclaim Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Counterclaim Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Counterclaim Plaintiff Michael Grecco Productions, Inc. ("MGP") is a California corporation with a principal place of business in Los Angeles, California.

6. Counterclaim Defendant Lee Golden, III is an individual residing in New York, New York.

# FACTUAL ALLEGATIONS

## *Michael Grecco Productions, Inc.*

7. MGP is a professional media and photography company run by renowned celebrity photographer Michael Grecco.

8. Grecco, is an award-winning commercial photographer and film director noted for his iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for such companies such as NBC/Universal, GE, Pfizer, HBO, Kodak, ABC, IBM, Yahoo!, ESPN, Wired, Time, Entertainment Weekly, Esquire, Premier, and MAXIM.

9. Due to the high quality and limited availability of Grecco's works, MGP routinely licenses individual photographs for tens of thousands of dollars.

10. MGP was originally incorporated in 1998 in California under the name Michael Grecco Photography Inc.

11. MGP is the author and sole rights holder to an image of actress Lucy Lawless as Xena: Warrior Princess ("Xena Photograph"). Attached hereto as Exhibit A is a true and correct copy of the Xena Photograph.

12. The Xena Photograph was taken by Grecco as a work for hire of MGP.

13. Grecco does not, nor has he ever, owned any rights to the Xena Photograph in his individual capacity. Rather, all rights to the Xena Photograph originally vested in MGP where they have remained since the Xena Photograph was taken.

14. MGP registered the Xena Photograph with the United States Copyright Office under registration number VA 1-431-698, with an effective registration date of July 7, 2010.

15. The registration was made under "Michael Grecco Photography, Inc." which was MGP's legal name at the time the registration was made.

16. In 2012, MGP amended its articles of incorporation to rename the company to Michael Grecco Productions, Inc.

17. Attached hereto as Exhibit B is a true and correct copy of the amendment to MGP's articles of incorporation.

18. Although MGP amended its articles of incorporation to change its name, it did not alter its corporate form in any way, nor did the amendment affect any of the intellectual property rights held by MGP including its rights to the Xena Photograph.

19. MGP has never transferred or otherwise assigned the rights to the Xena Photograph to any person or entity, but has consistently retained the rights to the Xena Photograph since it was originally created.

### *Golden's Infringing Conduct*

20. On information and belief, Counterclaim Defendant Lee B. Golden, III operates the website www.filmcombatsyndicate.com (the "Website"). *See* https://filmcombatsyndicate.com/about-us/.

21. On or about October 2018, MGP discovered the Xena Photograph being used on the Website in an article dated July 8, 2018 with the headline "The XENA Series Reboot Was Happening, Then It Wasn't, But Now It Is…Is It?" written by Golden ("Infringing Article").

22. The Infringing Article contained paid banner advertisements at the top and bottom of the article.

23. Attached hereto as Exhibit C is a true and correct copy of the Infringing Article.

24. MGP did license the Xena Photograph to Counterclaim Defendant Golden.

25. Nor has MGP ever expressly granted permission to any person to use the Xena Photograph in the Infringing Article on the Website.

26. On information and belief, Counterclaim Defendant's use of the Xena Photograph was deliberate and willful because Counterclaim Defendant knew or should have known that it did not purchase a license to use the Xena Photograph.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq.*

27. Counterclaim Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Counterclaim Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Counterclaim Plaintiff's unique and original Xena Photograph.

29. Counterclaim Plaintiff is informed and believes and thereon alleges that the Counterclaim Defendant willfully infringed upon Counterclaim Plaintiff's copyrighted Xena Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Xena Photograph of the Counterclaim Plaintiff without Counterclaim Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

30. Specifically, Counterclaim Defendant made an unauthorized copy of the Xena Photograph and then publically displayed the Xena Photograph on the Website, including displaying the Xena Photograph in the Infringing Article.

31. As a result of Counterclaim Defendant's violations of Title 17 of the U.S. Code, Counterclaim Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 if willful or up to $30,000 if unintentional pursuant to 17 U.S.C. § 504(c).

32. Counterclaim Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

# PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim Plaintiff MGP prays for judgment against Counterclaim Defendant Golden as follows:

- For an award of actual damages and disgorgement of all of Counterclaim Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Counterclaim Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against Counterclaim Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing Counterclaim Defendant from further infringement of all copyrighted works of the Counterclaim Plaintiff pursuant to 17 U.S.C. § 502;
- For an award of pre- and post-judgment interest; and,
- For any other relief the Court deems just and proper.

Dated: August 16, 2019          HIGBEE & ASSOCIATES

**/s Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
EDNY #RN4834
**HIGBEE & ASSOCIATES** (*Of Counsel*)
1504 Brookhollow Dr., Ste. 112
Santa Ana, CA 92705
714-617-8336 (Ph)
714-597-6559 (Fax)
rngo@higbeeassociates.com
*Attorney for Defendants*

# Exhibit "A"



# Exhibit "B"

NCTO   A0724588

2064370


FILED
In the Office of the Secretary of State
of the State of California

JAN 2 6 2012

CERTIFICATE OF AMENDMENT OF
ARTICLES OF INCORPORATION OF
MICHAEL GRECCO PHOTOGRAPHY, INC.

The undersigned certifies that:

1. He is the president and the secretary of Michael Grecco Photography, Inc., a California Corporation.

2. Article I of the Articles of Incorporation of this corporation is amended to read as follows:

The name of the corporation is Michael Grecco Productions, Inc.

3. The foregoing amendment of Articles of incorporation has been duly approved by the Board of Directors.

4. The foregoing amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with Section 902, California Corporations Code. The total number of outstanding shares of the corporation is 1,000. The number of shares voting in favor of the amendment equaled or exceeded the vote required. The percentage vote required was more than 50%.

I further declare under penalty of perjury under the laws of the State of California that the matters set forth in this Certificate are true and correct of my own knowledge.

DATE: 1/24/12

Michael Grecco, President and Secretary

# Exhibit "C"



FILM COMBAT SYNDICATE   FORUMS   ABOUT US   DISCLAIMER   CONTACT US

LATEST   TRENDING



Home > News

# The XENA Series Reboot Was Happening, Then It Wasn't, But Now It Is…Is It?

by **Lee B. Golden III** — July 8, 2018 in News

21 VIEWS   ♥ 1   💬 0

Share on Facebook   Share on Twitter

If you watched television a lot and grew up in the 90's, there's a good chance that co-star of **Marvel's Agents Of S.H.I.E.L.D.** and the upcoming STARZ series horror reboot, **Ash VS. The Evil Dead**, Kiwi actress **Lucy Lawless** came under your radar then. Playing the landmark television title role for the hit series, **Xena: Warrior Princess**, **Lawless** was integral in establishing a female presence in action entertainment as an original villainess/anti-hero in an epic story that culminated Greek mythology with a worldly scope of fantasy, action and spiritualism.

The series was created and developed by Renaissance Pictures executives Robert Tapert and Sam Raimi at the time, in the company of R. J. Stewart and John Schulian with **Lawless** appearing opposite actor Kevin Sorbo in his own series, *Hercules: The Legendary Journeys*. Eventually, **Xena: Warrior Princess** found its audience 1995 and became an Emmy award-winning hit on the small screen throughout its run until the Fall season of 2001.

**Related Posts**

OVERLORD: Julius Avery's Rousing WWII Horror Epic Reanimates With A Final Trailer

Live-Action MONSTER HUNTER Snags Official Plot Details

Capcom Locks And Loads Live-Action MEGA MAN For Fox

As it stands, you can safely say there have been endless conversations among fans in favor of the series returning in some capacity, and even **Lawless** herself engaged a conversation with Den Of Geek (via Comic Book) recently about potentially crowdsourcing it. Personally, I've hoped for a feature film expansion as epic as *Lord Of The Rings*, although obviously that's not how things would pan out, although fast forward to fourteen years later where a few of the trades began reporting this week about the possibility of NBC bringing the Amazonian avenger back for a modern reboot geared toward today's audiences.

Of course, that was enough to stir the hype and fandom pot stew and get people enthralled with the possibility of seeing **Lawless** in a role that would nonetheless assure her a place on said new show provided that this news wasn't all bullshit. Alas, it was **Lawless** herself who tweeted her disbelief Monday evening about the rebooted series as a rumor, citing it as **"wishful thinking"**, although an update from JoBlo assures that NBC and NBC Universal are, in fact, working out the kinks with Tapert and Raimi back to produce.

As confusing as this all feels on its face, it looks like this appears to be happening. As for any role **Lawless** herself may play in the show's rebooted revival, your guess is as good as mine at this point.

For now, let's just hope this update is one I can continue to build off of, lest this is all just more bunk impluring folks like me to go back and write another tedious article that will disappoint fans of the original show. I confess, as silly as it sounds, sometimes it does get emotional.

H/T: JoBlo

↓ Keep Scrolling for More News! ↓

**Like this Article? Subscribe to Our Feed!**

[Enter Your Name] [Enter Your Email Address] **Subscribe Now**

Tags: filmcombatsyndicate.com   lucy lawless   nbc television   women in action   xena warrior princess

Share   Tweet   Share   Share   Send

Please login to join discussion

**Categories**
CAMPAIGNS
CASTING
CLIPS
EXCLUSIVES
FEATURETTES
FESTIVALS AND EVENTS
FIRST LOOKS
HOME RELEASES
IN PRODUCTION
INTERVIEWS
NEWS
OPINIONS
POSTERS
REMAKE/RECAST
REVIEWS
STILLS
THE HIT LIST
TRAILERS

**Recent Posts**
AQUAMAN Puts In Overtime In The Official Extended Trailer
OVERLORD: Julius Avery's Rousing WWII Horror Epic Reanimates With A Final Trailer
Live-Action MONSTER HUNTER Snags Official Plot Details
Capcom Locks And Loads Live-Action MEGA MAN For Fox
OUTLAWED Nods To Real Life Heroes With Escapist Action And Thrills

**Recent Comments**
Film Combat Syndicate Bot on MONSTER HUNTER: Tony Jaa Joins The Milla Jovovich-Led Cast For The Live-Action Game Adaptation
Monster Hunter, Ron Perlman, T.I. Harris e Tony Jaa si aggiungono al cast on MONSTER HUNTER: Tony Jaa Joins The Milla Jovovich-Led Cast For The Live-Action Game Adaptation
"จา พนม" จับมือ "มิลลา โยโววิช" ออกล่าตัวใน Monster Hunter เวอร์ชันภาพยนตร์ | ข่าวช่าน่าส์ on MONSTER HUNTER: Tony Jaa Joins The Milla Jovovich-Led Cast For The Live-Action Game Adaptation
RISPOSTA AL CAMPO: una parola con attore e produttore Joe Barbagallo - Cyberpunk news on FIELD COMMAND RESPONDS: A Word With Actor And Producer Joe Barbagallo
War Party an initiative between Frank Grillo and Joe Carnahan Secures 50 Million Fund – Amdb on THE RAID: Writer Adam G. Simon Divulges On Joe Carnahan's 'Cool Jump-Off Point'

**Archives**
[Select Month]



## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on August 16, 2019, on all counsel or parties of record on the service list below.

                                        **/s/ Rayminh L. Ngo**
                                        Rayminh L. Ngo, Esq.

## SERVICE LIST

Yevgeny Strupinsky, Esq.
Joshua M. Lurie, Esq.
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
estrupinsky@luriestrupinsky.com
jmlurie@luriestrupinsky.com